LORAIN MUSIC COMPANY, APPELLEE,
v. ALLIED INVESTMENT CREDIT
CORPORATION, APPELLANT.

(No. 4187—Decided
September 2, 1987.)

*Nicholas R. Curci,* for appellee.
*Alan D. Greenberg* and *David C. Eisler,* for appellant.

GEORGE, J. On April 27, 1978, appellant, Allied Investment Credit Corporation, made a loan to, and executed a security agreement with, Sue Mac, Inc. Thereafter, on September 29, 1978, Allied filed a financing statement with both the Secretary of State and the Cuyahoga County Recorder. On February 3, 1983, Allied filed a continuation statement with the Cuyahoga County Recorder and later, on March 31, 1983, filed a continuation statement with the Secretary of State.

On June 20, 1980, appellee, Lorain Music Company, also made a loan to, and executed a security agreement with, Sue Mac, Inc. Thereafter, on January 7, 1981, Lorain Music filed a financing statement with the Cuyahoga County Recorder, and later filed a financing statement with the Secretary of State on January 22, 1981.

Sue Mac, Inc. defaulted on the loan from Lorain Music. On July 18, 1985, Lorain Music brought an action for judgment on its note and for possession of the collateral set forth in the security agreement.

Judgment was granted for Lorain Music on July 22, 1985. Lorain Music was awarded $35,000 plus interest from July 1, 1985. On August 8, 1985, upon the motion of Lorain Music, a receiver was appointed to take possession of and sell the assets of Sue Mac, Inc.

Subsequent to the appointment of the receiver, on September 17, 1985, Lorain Music filed a continuation statement with the Secretary of State, but did not file such a statement with the Cuyahoga County Recorder.

The assets of Sue Mac, Inc. were sold for $46,000. This amount was reduced to approximately $20,000 after payment of delinquent Ohio sales tax and receivership expenses. On October 18, 1985, Allied filed a claim against Sue Mac, Inc., for $10,280.32 plus interest.

On November 10, 1986, Lorain Music filed a motion to establish priority of the liens against Sue Mac, Inc. On February 10, 1987, the trial court found Lorain Music's interest was superior to Allied's interest.

Allied appeals, raising two assignments of error. This court affirms.

### Assignments of Error

"1. The trial court erred in failing to apply the proper rules of statutory construction to its interpretation of O.R.C. 1309.40(C).

"2. The trial court erred in holding that Allied lost its position as holder of the first perfected security interest because it failed to timely file its continuation statement."

Allied's assignments of error both are directed to the trial court's deter-

mination that Allied lost its status as first perfected security interest holder when it failed to file its continuation statement within the period set forth in R.C. 1309.40(C). Allied asserts that the filing of its continuation statement with the county recorder, seven months before the expiration of the five-year period specified in R.C. 1309.40(B)(1), did not cause the continuation statement to be ineffective. The issue thus presented is whether a prematurely filed continuation statement has effect.

R.C. 1309.40(C) provides in pertinent part:

"A continuation statement may be filed by the secured party within six months prior to the expiration of the five-year period specified in division (B)(1) of this section, or within six months prior to the stated maturity date referred to in division (B)(2) of this section.* * *"

The timing of the filing of a continuation statement has been the subject of several cases, and of attorney general opinions in at least four states, including Ohio. The only case holding an early continuation statement is effective is *In re Callahan Motors, Inc.* (C.A.3, 1976), 538 F. 2d 76.

The *Callahan* case was decided on unusual facts. The court found that the New Jersey Secretary of State had induced premature filings by sending out a letter which could have been interpreted to be a request to file a continuation statement immediately after July 1, 1967, regardless of when the original financing statement was filed. The court specifically declined to determine whether an early continuation statement would be effective without the official error.

The response to the question in Ohio follows the majority position that the continuation statement is ineffective if filed prematurely. In *In re Hays* (N.D. Ohio 1985), 47 Bankr. L. Rptr.

546, the court, interpreting both Indiana and Ohio law, held that early filing of the continuation statement is premature and ineffective. The Ohio Attorney General reached the same conclusion, stating that the language of the statute appears clear and unambiguous. 1974 Ohio Atty. Gen. Ops. No. 74-025, at 2-120.

The effectiveness of the original financing statement is only continued "[u]pon timely filing of the continuation statement." The legislature specified that a "continuation statement may be filed * * * within six months prior to the expiration of the five-year period * * *." It is clear that in order for a continuation statement to be timely filed pursuant to R.C. 1309.40 (C), it must be done within the period specified by the legislation, *i.e.*, within the six months immediately preceding the five-year expiration period.

Where the language of a statute is plain and unambiguous, there is no need to interpret its language. *Bd. of Edn.* v. *Fulton Cty. Budget Comm.* (1975), 41 Ohio St.; 2d 147, 156, 70 O.O. 2d 300, 305, 324 N.E. 2d 566, 571. The trial court did not err in finding that the statutory filing period was mandatory to preserve Allied's lien status.

The statutory language is explicit as to the period of time within which a lien may be effectively preserved. Thus, the period prescribed is mandatory and compliance is required to maintain a creditor's priority of lien. A continuation statement which is filed outside the last six months before the expiration of the five-year life of the financing statement is untimely and ineffective. Hence, the security interest has lapsed and there is a loss of the lien priority.

Accordingly, the trial court did not err in finding that Lorain Music's security interest was superior to Allied's because Allied's security interest lapsed due to its failure to file

the continuation statement timely. Allied's assignments of error are overruled and the holding of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.